IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENDA and JOHN SPURLOCK, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Case Number: 3:06CV1026-MEF |
| | * |
| GREEN TREE-AL LLC, et al., | * |
| | * |
| Defendants. | * |

## MEMORANDUM BRIEF IN SUPPORT OF GREEN TREE-AL LLC'S MOTION TO COMPEL ARBITRATION

In their Complaint, Brenda Spurlock and John Spurlock bring claims of invasion of privacy arising out of and relating to Green Tree-AL LLC's ("Green Tree") servicing of an Installment Note executed by Brenda Spurlock in connection with her purchase and financing of a mobile home. Green Tree denies the commission of any wrongful acts and hereby submits that the Plaintiffs must submit their claims to binding arbitration in accordance with the Arbitration Agreement executed by Brenda Spurlock in connection with the purchase transaction.

### FACTUAL BACKGROUND

As alleged in the Complaint and as described in the Affidavit of Deon Conway, attached as **Exhibit 1** to Green Tree's Motion, Plaintiff Brenda Spurlock purchased a mobile home on or about February 26, 1996. In connection with the purchase and financing of the mobile home, Plaintiff Brenda Spurlock executed an Installment Note. [**Ex. A** to Conway

1

Aff.]. Spurlock also executed a stand-alone Arbitration Agreement, which provides as follows:

> "Any controversy or claim . . . arising out of or relating to the interpretation, performance or breach of any provision of Retail Installment Contract dated 2/26/96 on a 1996 Buccaneer 80x 28 Serial # ALBUS-24636 AB shall be settled exclusively by arbitration (in accordance with the rules and requirements of the American Arbitration Association.)"

[*See* Ex. I to Conway Aff.].

## THIS COURT SHOULD ENFORCE THE ARBITRATION AGREEMENT SIGNED BY PLAINTIFF BRENDA SPURLOCK

In their Complaint, the Plaintiffs allege that Green Tree invaded their privacy during Green Tree's efforts to collect on the Installment Note that was in default. These claims most clearly constitute disputes, claims, or controversies arising from or relating to the interpretation, performance and breach of the Installment Note and must therefore be resolved by binding arbitration in accordance with the broad Arbitration Agreement.

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (hereinafter "FAA"), provides that a "written provision in . . . a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or . . . an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. The United States Supreme Court has ruled in a case arising in Alabama that an agreement which contains a provision requiring arbitration of the disputes between parties and which evidences a transaction involving or affecting interstate commerce is specifically enforceable

2

under the FAA. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). The United States Supreme Court affirmed these principles in *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79 (2000), and *Citizen's Bank v. Alafabco*, 123 S.Ct. 2037 (2003).

The threshold question under *Terminix* and *Alafabco*, as applicable to the present case, is whether the purchase transaction evidences transactions involving or affecting interstate commerce. As demonstrated by the Affidavit of Deon Conway, attached as **Exhibit 1** to Green Tree's Motion, the mobile home was floor-planned through an out-of-state lender that was paid off from the proceeds from the Spurlock purchase transaction. This circumstance, as well as the various other interstate commerce activities described in the Conway Affidavit, clearly establish a sufficient nexus with interstate commerce to invoke the provisions of the FAA. *See, e.g., Conseco Finance Corp. v. Murphy*, 841 So. 2d 1241 (Ala. 2002); *Conseco Finance Corp.-Alabama v. Boone*, 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell*, 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis*, 813 So. 2d 820 (Ala. 2001); *Ex parte Stamey*, 776 So. 2d 85 (Ala. 2000) (finding that there was sufficient evidence of "affecting interstate commerce" where customers dealt with out-of-state office and signed agreement acknowledging that the transaction involved interstate commerce).

Since the interstate nature of the transactions is met in the present case, the next question for resolution is whether the claims against Green Tree come within the scope of the

Arbitration Agreement. In enacting Section 2 of the FAA, Congress declared a national policy favoring arbitration. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) (the FAA establishes a federal policy favoring arbitration that requires rigorous enforcement of agreements to arbitrate); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000) (acknowledging the "liberal federal policy favoring arbitration agreements.").

The Arbitration Agreement is sweeping in its breadth since it requires arbitration of any controversy or claim arising out of or relating to the interpretation, performance or breach of the Installment Note. The Plaintiffs' claims certainly arise out of the interpretation and performance of the Installment Note that evidence the Plaintiffs' payment obligations and Green Tree's loan servicing obligations. Under these circumstances, all claims advanced in the Complaint by the Plaintiffs are subject to arbitration. *See Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308 (11th Cir. 2005)(concluding that claims arising out of the servicing of note were encompassed within the arbitration provision); *Green Tree Financial Corp. v. Shoemaker*, 775 So. 2d 149, 151 (Ala. 2000)("There can be nothing more 'relating to' a financial transaction than the efforts a party takes to collect a debt created by that transaction.").

This Court will not embark upon uncharted waters by granting Green Tree's Motion. Similar arbitration provisions involving Green Tree have been construed, enforced and upheld by the Alabama Supreme Court in numerous decisions. *See Conseco Finance Corp.-Alabama v. Salter,* 846 So. 2d 1077 (Ala. 2002); *Conseco Finance Corp. v. Murphy,* 841 So. 2d 1241 (Ala. 2002); *Lewis v. Conseco Finance Corp.,* 848 So. 2d 920 (Ala. 2000); *Conseco Finance Corp.-Alabama v. Boone,* 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell,* 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis,* 813 So. 2d 820 (Ala. 2001); *Green Tree Financial Corp. v. Shoemaker,* 775 So. 2d 149 (Ala. 2000); *Ex parte Stamey,* 776 So. 2d 85 (Ala. 2000); *Green Tree Financial Corp. of Ala. v. Vintson,* 753 So. 2d 497 (Ala. 1999); *Green Tree Financial Corp. of Ala. v. Wampler,* 749 So. 2d 409 (Ala. 1999); *Ex parte Smith,* 736 So. 2d 604 (Ala. 1999); *Patrick Home Center, Inc. v. Karr,* 730 So. 2d 1171 (Ala. 1999); *Ex parte Parker,* 730 So. 2d 168 (Ala. 1999); *Green Tree Financial Corp. v. Davis,* 729 So. 2d 329 (Ala. 1999); *Ex parte Napier,* 723 So. 2d 49 (Ala. 1998); *Green Tree Agency, Inc. v. White,* 719 So. 2d 1179 (Ala. 1998); *Ex parte Gates,* 675 So. 2d 371 (Ala. 1996).

Moreover, even the Eleventh Circuit Court of Appeals has recently enforced a similar arbitration provision in the face of various challenges to its enforceability. *See Blinco v. Green Tree Servicing LLC,* 400 F.3d 1308 (11th Cir. 2005). In *Blinco,* the Eleventh Circuit in a case involving Green Tree Servicing LLC concluded that the Green Tree arbitration provision was sufficiently broad to include disputes arising out of the servicing of the note

evidencing the indebtedness and categorically rejected the plaintiffs' argument that the clause was unenforceable because it failed to specify the identity of the arbitrator, the forum, location or allocation of arbitration costs.

John Spurlock must also arbitrate his claims under the doctrines of equitable estoppel, intertwining and third-party beneficiary status because Brenda Spurlock must arbitrate her claims; his claims are intertwined, indistinguishable and dependent upon those of Brenda Spurlock and the Installment Contract; and John Spurlock seeks benefits and asserts claims founded upon the Installment Contract. *See, e.g., Ex parte Stamey*, 776 So. 2d 85, 98 (Ala. 2000); *Ex parte Dyess*, 709 So. 2d 447 (Ala. 1997); *Credit Sales, Inc. v. Crimm*, 815 So.2d 540 (Ala. 2001).

Once the Court has determined that the Plaintiffs are bound by a valid arbitration provision that should be enforced, the remedy to be fashioned by this Court is an order compelling arbitration. *See, e.g., Mitchell Nissan, Inc. v. Foster*, 775 So. 2d 138 (Ala. 2000) ("[t]rial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a valid contract containing an arbitration agreement."); *Green Tree Financial Corp. of Ala. v. Vintson*, 753 So. 2d 497 (Ala. 1999); *Ex parte McNaughton*, 728 So. 2d 592 (Ala. 1998) ("trial courts are required to stay or dismiss proceedings and compel arbitration when the parties have entered into a valid contract containing an arbitration agreement."). Coupled with the order compelling arbitration, this Court should stay all proceedings, including discovery, in this case pending the conclusion of the arbitration. 9

U.S.C. § 3; *Coastal Ford, Inc. v. Kidder*, 694 So. 2d 1285, 1288 (Ala. 1997) (trial court erred in failing to stay proceedings pending arbitration, where claims were subject to arbitration provision).

## CONCLUSION

Plaintiffs' claims against Green Tree involve disputes arising out of the servicing of the Installment Note, which clearly is encompassed within the broad scope of the Arbitration Agreement signed by Brenda Spurlock. Since the Installment Note and the disputes affect interstate commerce, the FAA is triggered. Accordingly, this Court should enter an order compelling the Plaintiffs to pursue their claims against Green Tree in arbitration and staying further action in this case.

Respectfully submitted this the 15th day of November, 2006.

_____
R. AUSTIN HUFFAKER, JR. (HUF006)
Attorney for Green Tree-AL LLC

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
  & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
(334) 262-6277 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed on this the 15th day of November, 2006:

Andy Nelms
LAW OFFICES OF JAY LEWIS
847 S. McDonough Street
Montgomery, AL 36104

_____
OF COUNSEL