IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENDA AND JOHN SPURLOCK, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CASE NO. 3:06-cv-1026-MEF |
| | ) |
| GREEN TREE-AL, LLC, *et al.*, | ) (WO-Not Recommended for Publication) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion of Green Tree-AL LLC to Compel Arbitration and Stay Proceedings (Doc. # 3). This motion was filed on November 15, 2006 by Green Tree-AL LLC ("Green Tree"). Although given an opportunity to oppose the motion, Plaintiffs have not done so. For the reasons set forth below, the Court is satisfied that the Motion of Green Tree Servicing LLC to Compel Arbitration and Stay Proceedings (Doc. # 3) is due to be GRANTED.

**JURISDICTION AND VENUE**

The Court has reviewed this matter and is persuaded that it has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332. It is undisputed that the plaintiff is a citizen of a different state than Green Tree and that more than $75,000 is in controversy in this litigation. The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for personal jurisdiction and venue.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In February of 1996, Brenda Spurlock financed the purchase of a manufactured home, Serial # ALBUS-24636 AB, through an Installment Note, which is now being serviced by Green Tree and its affiliate. At the time Brenda Spurlock purchased the manufactured home, she executed an Arbitration Agreement, which provides as follows:

> ANY CONTROVERSY OR CLAIM...ARISING OUT OF OR RELATING TO THE INTERPRETATION, PERFORMANCE, OR BREACH OF ANY PROVISION OF RETAIL INSTALLMENT CONTRACT DATED 02/26/96 ON A 1996 Buccaneer 80 X 28 Serial # ALBUS-24636 AB SHALL BE SETTLED EXCLUSIVELY BY ARBITRATION (IN ACCORDANCE WITH THE RULES AND REQUIREMENTS OF THE AMERICAN ARBITRATION ASSOCIATION.)

(Ex. I to Doc. # 3).

On October 10, 2006, Brenda Spurlock and John Spurlock[1] filed suit in the Circuit Court of Russell County, Alabama. Plaintiffs sued Green Tree and numerous fictitious defendants alleging the Alabama tort of invasion of privacy arising out of allegedly improper and harassing attempts to collect payments under the Installment Note. Invoking this Court's subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, Green Tree timely removed this action to this Court on November 15, 2006.

At the same time Green Tree removed the action, it filed the Motion of Green Tree-

---

[1] Brenda Spurlock has not alleged the nature of John Spurlock's relationship to her or how he has standing to bring claims in this case. It is alleged that John Spurlock was one of the people Green Tree contacted as part of its efforts to collect Brenda Spurlock's debt. Green Tree appears to believe that John Spurlock is married to Brenda Spurlock.

AL LLC to Compel Arbitration and Stay Proceedings (Doc. # 3). This motion was supported by numerous evidentiary submissions including copies of the Installment Note relating to Brenda Spurlock's purchase, the arbitration agreement, other closing documents, and affidavit authenticating the documents and establishing certain relevant facts about this matter's connection to interstate commerce. On November 22, 2006, the Court entered an Order (Doc. # 5) directing Plaintiffs to show cause why the motion to compel arbitration and to stay should not be granted by no later than December 5, 2006. As of the date of this Order, Plaintiffs have filed nothing in response.

## DISCUSSION

The Federal Arbitration Act ("FAA") explicitly permits the use of arbitration and specifically authorizes individuals to contract for arbitration. *See* 9 U.S.C. §§ 1-10 (1991).[2] In 1925, Congress enacted the FAA to offset the "hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111 (2001). Thus, the FAA establishes "'a federal policy favoring arbitration.'"

---

[2] Pursuant to the FAA, a written arbitration "provision in any . . . contract evidencing a transaction involving commerce .. . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (1991). The effect of Section 2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.1, 24 (1983). Section 3 provides for the stay of proceedings in federal district courts when an issue in the proceedings is referable to arbitration. *See* 9 U.S.C. § 3 (1991). Section 4 provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *See* 9 U.S.C. § 4 (1991); *Boyd v. Town of Hayneville, Ala.,* 144 F. Supp. 2d 1272, 1275 (M.D. Ala. 2001).

*Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24 (1983)).  As the FAA evinces the "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), the legislation "compels judicial enforcement of a wide range of written arbitration agreements." *Circuit City,* 532 U.S. at 111, 121 S. Ct. 1302.  Indeed, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."   *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.  Therefore, courts must rigorously enforce agreements to arbitrate.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985).

Federal courts primarily invoke the FAA to give effect to contracting parties' expectations for resolving disputes.  Accordingly, the FAA revolves around contract interpretation.  *See AMF Inc. v. Brunswick Corp.,* 621 F. Supp. 456, 460 (E.D.N.Y. 1985) (Weinstein, J.) ("[A]rbitration is creature of contract, a device of the parties rather than the judicial process.  If the parties have agreed to submit a dispute for a decision by a third party, they have agreed to arbitration.").  *Accord, Bullock v. United Benefit Life Ins. Co.*, 165 F. Supp. 2d 1259, 1261 (M.D. Ala. 2001) (The Court must look to the intent of the parties to determine which claims are arbitrable, and in so doing, the Court looks to the wording of the arbitration clause and gives all provisions of the contract their full effect.).

The Court is satisfied from the record before it that the relevant contract evidences a transaction involving interstate or affecting commerce as the FAA requires.  Moreover, there

is no dispute that Brenda Spurlock entered into a contract that requires her to submit claims, such as those raised in this lawsuit, to arbitration. *See, e.g., Lewis v. Conseco Fin. Corp.*, 848 So. 2d 920 (Ala. 2002); *Oakwood Acceptance Corp. v. Hobbs*, 789 So. 2d 847 (Ala. 2001). Finally, the Court is satisfied that John Spurlock must also submit his claims,[3] to the extent that he has any, to arbitration because his claims are intertwined with, indistinguishable from, and dependent upon Brenda Spurlock's claims and the Installment Contract and because of the doctrine of equitable estoppel. *See, e.g.*, *Blinco v. Green Tree Servicing* LLC, 400 F.3d 1308, 1312 (11th Cir. 2005); *Credit Sales, Inc. v. Crimm*, 815 So. 2d 540 (Ala. 2001); *Ex parte Stamey*, 776 So. 2d 85, 98 (Ala. 2000); *Ex parte Dyess*, 709 So. 2d 447 (Ala. 1997).

## CONCLUSION

In light of the liberal federal policy favoring arbitration, this Court will not deny enforcement of the arbitration clause. Thus, Plaintiffs are bound by the contractual agreement to arbitrate any disputes with Green Tree and this matter must be submitted to arbitration as outlined in that agreement. Accordingly, it is hereby ORDERED as follows:

    1. Motion of Green Tree Servicing LLC to Compel Arbitration and Stay Proceedings (Doc. # 3) is GRANTED.

    2. The parties to this action are hereby ORDERED to submit all controversies, claims,

---

[3] The Court notes that due to the failure of Plaintiffs to make any response whatsoever to Green Tree's motion, the Court does not have before it *any* argument that Spurlock's claims, to the extent that he has any, are not also subject to arbitration despite the fact that he did not sign the arbitration agreement.

or disputes between them to arbitration in accordance with the terms of the agreement between them.

3. This action is STAYED pending the completion of the arbitration or the resolution of this dispute through negotiated settlement.

4. The parties are hereby ORDERED to file a jointly prepared report on the status of this case. The first such report shall be filed on **March 6, 2007**, and the parties shall thereafter file a jointly prepared report **on the first Tuesday of every month** until such time as the parties jointly stipulate that this action can be dismissed. The jointly prepared report shall indicate the status of the arbitration proceedings *and* the expected date those proceedings will be concluded.

DONE this the 22nd day of December, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).