IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENDA AND JOHN SPURLOCK, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CASE NO. 3:06-cv-1026-MEF |
| | ) |
| GREEN TREE-AL, LLC, *et al.*, | ) (WO-Not Recommended for Publication) |
| | ) |
| DEFENDANTS. | ) |

## **ORDER**

This cause is before the Court on the Motion to Confirm Arbitrator's Decision (Doc. # 15) filed on September 25, 2007 by Defendant Green Tree-AL, LLC ("Green Tree"). Although given an opportunity to oppose the motion, Plaintiffs have not done so. For the reasons set forth below, the Court is satisfied that the motion is due to be GRANTED.

The Court has reviewed this matter and is persuaded that it has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332. It is undisputed that the plaintiffs are a citizen of a different state than Green Tree and that more than $75,000 is in controversy in this litigation. The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for personal jurisdiction and venue.

In February of 1996, Brenda Spurlock financed the purchase of a manufactured home, Serial # ALBUS-24636 AB, through an Installment Note, which is now being serviced by Green Tree and its affiliate. At the time Brenda Spurlock purchased the manufactured home, she executed an Arbitration Agreement, which provides as follows:

> ANY CONTROVERSY OR CLAIM...ARISING OUT OF OR RELATING TO THE INTERPRETATION, PERFORMANCE, OR BREACH OF ANY PROVISION OF RETAIL INSTALLMENT CONTRACT DATED 02/26/96 ON A 1996 Buccaneer 80 X 28 Serial # ALBUS-24636 AB SHALL BE SETTLED EXCLUSIVELY BY ARBITRATION (IN ACCORDANCE WITH THE RULES AND REQUIREMENTS OF THE AMERICAN ARBITRATION ASSOCIATION.)

(Ex. I to Doc. # 3).

On October 10, 2006, Brenda Spurlock and John Spurlock[1] filed suit in the Circuit Court of Russell County, Alabama. Plaintiffs sued Green Tree and numerous fictitious defendants alleging the Alabama tort of invasion of privacy arising out of allegedly improper and harassing attempts to collect payments under the Installment Note. Invoking this Court's subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, Green Tree timely removed this action to this Court on November 15, 2006.

At the same time Green Tree removed the action, it filed the Motion of Green Tree-AL LLC to Compel Arbitration and Stay Proceedings (Doc. # 3). This motion was supported by numerous evidentiary submissions including copies of the Installment Note relating to Brenda Spurlock's purchase, the arbitration agreement, other closing documents, and affidavit authenticating the documents and establishing certain relevant facts about this matter's connection to interstate commerce. On November 22, 2006, the Court entered an

---

[1] Brenda Spurlock has not alleged the nature of John Spurlock's relationship to her or how he has standing to bring claims in this case. It is alleged that John Spurlock was one of the people Green Tree contacted as part of its efforts to collect Brenda Spurlock's debt. Green Tree appears to believe that John Spurlock is married to Brenda Spurlock.

Order (Doc. # 5) directing Plaintiffs to show cause why the motion to compel arbitration and to stay should not be granted by no later than December 5, 2006. Plaintiffs filed nothing in response.

On December 22, 2006, this Court entered an Memorandum Opinion and Order (Doc. # 7) finding that Plaintiffs were bound by the contractual agreement to arbitrate any disputes with Green Tree and requiring that this matter be submitted to arbitration as outlined in that agreement. The parties subsequently agreed to Honorable William R. Gordon as the arbitrator. In preparation for the arbitration, the parties agreed to exchange limited discovery. After several attempts to obtain responses to its limited discovery, Green Tree ultimately sought and obtained an order from the arbitrator compelling discovery responses. Despite the arbitrator's order, Plaintiffs persisted in their failure to provide discovery as required. Green Tree asked the arbitrator to dismiss Plaintiffs' claims. On September 21, 2007, the arbitrator entered an Order dismissing Plaintiffs' claims.

On September 25, 2007, Green Tree filed its motion asking this Court to confirm that arbitration award. That motion is unopposed.

In light of the foregoing, it is hereby ORDERED that the Motion to Confirm Arbitrator's Decision (Doc. # 15) is GRANTED. It is further ORDERED that in light of the dismissal of Plaintiffs' claims, this action is DISMISSED with PREJUDICE. A separate final judgment will be entered.

DONE this the 28th day of November, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE